### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

| | |
|---|---|
| JAIME LUEVANO, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 2:23-00637 |
| | ) |
| C.I.A. PODCAST IN D.C., *et al.*, | ) |
| | ) |
| Respondents. | ) |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Petitioner's Application to Proceed Without Prepayment of Fees and Costs[1] (Document No. 4), filed on October 16, 2023. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.)

### FACTUAL BACKGROUND

**A.     Prior Proceedings:**

In Luevano v. Abbott, the United States District Court for the Western District of Texas described the procedural background of Petitioner's underlying criminal proceedings as follows:

> On September 3, 2007, a jury found Luevano guilty of burglary of a habitation with the intent to commit a felony in cause number 20070D04788 in the 409th Judicial District Court of E1 Paso County, Texas. *See Luevano v. State*, 08-10-00154-CR, 2012 WL 18831 15, at *2 (Tex. App.–El Paso May 23, 2012, pet. ref'd). It heard evidence at his trial that he broke into a house and sexually assaulted a nine-year-old girl. *Id.* at 1. It sentenced him to life in prison after he pleaded true

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

to two prior felony convictions. *Id.* at *4. The jury also found Luevano guilty of burglary of a habitation with the intent to commit theft in cause number 20070D04789 in the 409th Judicial District Court. *See Luevano v. State*, 08-10-00159-CR, 2012 WL 1883117, at *1 (Tex. App.—El Paso May 23, 2012, pet. ref d). It heard evidence that he was discovered uninvited inside a house. *Id.* It sentenced him to 25 years' imprisonment for this offense. *Id.* at 2.

The Eighth Court of Appeals in El Paso reformed and affirmed the trial court's judgment in cause number 20070D04788 on May 23, 2012. *Luevano*, 2012 WL 1883115, at *11. It also reformed and affirmed the judgment in cause number 20070D04789 on the same date. *Luevano*, 2012 WL 1883117, at *4.

The Court of Criminal Appeals refused Luevano's petitions for discretionary review in both cases on July 26, 2012. *See* https://search.txcourts.gov/CaseSearch (search for Luevano, Jaime)(last visited June 7, 2021). It disposed of Luevano's multiple petitions for writs of mandamus. *Id.* But it never received a petition for a writ of habeas corpus in either of these cases. *Id.*

Luevano v. Abbott, 2021 WL 2383724, * 1 (W.D.Tx. June 10, 2021).

On May 25, 2021, Petitioner, acting *pro se*, filed a Section 2254 Petition in the United States District Court for the Western District of Texas. Luevano v. Abbott, Case No. 3:21-cv-00119 (W.D.Tx. June 10, 2021), Document No. 1. By Memorandum Opinion and Order filed on June 10, 2021, the United States District Judge David C. Guaderrama denied Petitioner's Section 2254 Petition. Id., Document No. 5. Petitioner filed a Notice of Appeal on June 25, 2021. Id., Document No. 8. On February 24, 2022, the Fifth Circuit Court of Appeals denied Petitioner a certificate of appealability. Luevano v. Lumpkin, 2022 WL 896810 (5th Cir. Feb. 24, 2022). Petitioner filed a petition for writ of certiorari, which was denied by the United States Supreme Court on May 31, 2022. Luevano v. Lumpkin, ___ U.S. ___, 142 S.Ct. 2769, 213 L.Ed.2d 1008 (2022).

**B.     Instant Section 2254:**

On September 25, 2023, Petitioner, acting *pro se*, filed his Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus by a Person in State Custody. (Document No. 1) In his Petition,

Petitioner names the following as Respondents: (1) C.I.A. Podcast in D.C.; (2) C.I.A. in General in VA.; (3) Texas Crimes Ring Mobs Inc.; and (4) Attorney General Garland. (Id., p. 1.) Initially, the undersigned notes that Petitioner's Petition is largely incoherent, rambling, and difficult to comprehend. Although this Court must liberally construe *pro se* filings, the Court is not required to make arguments on behalf of Petitioner. As Ground One, Petitioner appears to request that a "U.S. Dist. Judge of Virginia" be compelled to order "the C.I.A. to put my case in the C.I.A. Podcast and [enter] the compel order for an investigation of U.S. Supreme Judge Thomas." (Id., p. 2.) As Ground Two, Petitioner appears to complain that both the "C.I.A. in Washington D.C. [and] Virginia state fail to reply back to any information sent to them." (Id., p. 3.) As Ground Three, Petitioner appears to argue that both the "U.S. Supreme Clerks [and] Judges" commit "crimes in general." (Id., p. 4.) Petitioner complains that the "U.S. Supreme Clerks [and] Judges" can attend "special dinners," but "will not examine or re-examine [Petitioner's] case." (Id.) As Ground Four, Petitioner appears to assert that Monica Washington, Case Management Clerk for the Fifth Circuit Court of Appeals, is "in a ring mob." (Id., p. 5.) Petitioner claims that an investigation will show that Texas Judges are bribing Clerks in the Fifth Circuit Court of Appeals to not file documents. (Id.) Petitioner further complains that his case is "not moving due to U.S. Texas Judges lying [and] making fraudulent orders." (Id., p. 6.) Petitioner states that the United States Supreme Court should compel the filing of appeals in the Fifth Circuit Court of Appeals. (Id., p. 5.) As relief, Petitioner requests that this Court compel the "C.I.A. Podcast to put [his] case in this Podcast of the C.I.A.," direct that Petitioner receive a telephonic hearing or interview by the C.I.A., and compel the C.I.A. to retest Petitioner's DNA. (Id., pp. 6 and 7.) Petitioner states that the "State courts are using federal funds of people's tax dollars to keep an innocent man in prison." (Id.) As an Exhibit, Petitioner attaches a copy of his "Emergency Appeal and Appointment

3

of PSYC Doctor" as filed with the Fifth Circuit Court of Appeals on September 1, 2023. (Document No. 1-1.)

On October 16, 2023, Petitioner filed an Application to Proceed Without Prepayment of Fees and Costs (Document No. 4) and an Emergency Brief in Support of his Section 2254 (Document No. 5). In his Emergency Brief, Petitioner continues to argue that "U.S. District Texas Judges" are lying and committing "perjury on orders which [constitutes] internet computer crimes and wire fraud." (Id., p. 2.) Second, Petitioner states there is "an order from California that has said due to abuse and misuse of satellites," such satellites "need to be dis-orbited, de-orbited to dismantle satellites using as beams or rays." (Id.) Third, Petitioner contends that the Texas Attorney General needs to be impeached. (Id.) Finally, Petitioner argues that the C.I.A. should be compelled to include his case on the "C.I.A. Podcast" to expose the "Texas Ring Mobbs." (Id., p. 3.)

## **DISCUSSION**

The proper venue for a Section 2254 Petition is either (1) the district where the petitioner is presently confined, or (2) the district where the petitioner was convicted. See 28 U.S.C. § 2241(d).[2] Petitioner's Petition and public records confirm that Petitioner is in custody pursuant to

---

[2] Title 28 U.S.C. § 2241(d) provides as follows:
> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

4

the judgment of a Texas state court, and he is incarcerated at a state facility in Texas. It appears Petitioner's underlying State convictions occurred in El Paso County, Texas, which is located in the judicial district of the United States District Court for the Western District of Texas. Petitioner is currently incarcerated in the Alfred D. Hughes Unit in Gatesville, Texas, which is also located in the judicial district of the Western District of Texas. Finally, the record is completely void of any connection Petitioner has with this District.

If a *habeas* petition is filed in an improper venue, the court may either dismiss the petition or transfer it to the correct venue if a transfer is "in the interest of justice." See 28 U.S.C. § 1406(a)("The district court of a district in which is filed a case laying in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.") The undersigned will first consider whether transferring Petitioner's Section 2254 Petition to the Western District of Texas is in the interest of justice. Generally, the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") provides that a petitioner may file only one *habeas* petition under Section 2254. Specifically, Title 28 U.S.C. § 2244(b) provides as follows:

(1)  A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application should be dismissed.

(2)  A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless - -

  (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review the Supreme Court, that was previously unavailable; or

  (B)(i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

   (ii)  the facts underlying the claim, if proven and viewed in light of the

5

>evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b). Furthermore, Section 2244(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(3)(A).

In the instant case, Petitioner has provided no evidence that he obtained authorization from the Fifth Circuit to file a successive Section 2254 petition. See United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003)("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.") The undersigned, therefore, finds that this matter should be deemed to constitute a second or successive Section 2254 Petition. Since Petitioner's current Section 2254 Petition appears to be an unauthorized second or successive petition, a transfer of the above action would be futile and not in the interest of justice.[3]

---

[3] The record further reveals that Petitioner has filed numerous actions in the Western District of Texas and has been identified as an individual that files frivolous and malicious claims. In *Luevano v. Trump*, the Northern District of New York stated as follows:
>[A] review of public records reveals that Plaintiff "has a long history of filing frivolous and abusive litigation." *Yieson v. Akwitti*, Civ. A. No. 20-823, 2020 WL 6577504, at *1 (W.D. Tex. Oct. 30, 2020) (citing examples of Plaintiff's prior frivolous filings in a case he attempted to file in the name of another inmate to raise his own claims). Accordingly, federal judges, both inside and outside of Texas, have precluded him from proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(g), and have imposed sanctions and injunctions upon him when he continued to exhibit abusive filing behavior. Luevano v. U.S. Texas Judges, No. 20-CV-5840, 2020 WL 7181058, at *1 (E.D. Pa. Dec. 7, 2020); *Luevano v. Skyview Unit Psych Doctors*, N.D. Tex. Civ. A. No. 19-2186 (Sept. 17, 2019 Notice re: Application of Prior Sanction Order); *Luevano v. U.S. Circuit Judges of D.C.*, D.D.C. Civ. A. No. 18-1297 (June 14, 2018 Memorandum and Order); *Luevano v. Clinton*, Civ. A. No. 15-142, 2015 WL 3408123, at *1–*2 (W.D. Tex. May 27, 2015).

Accordingly, the undersigned respectfully recommends that the District Court dismiss without prejudice Petitioner's Section 2254 Petition based upon improper venue rather than transferring it to the Western District of Texas.

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Petitioner's Application to Proceed Without Prepayment of Fees and Costs (Document No. 4) and **DISMISS without prejudice** Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody (Document No. 1), and remove this matter from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.

---

*Luevano v. Trump*, 2021 WL 1701752, * 1 (N.D.N.Y. April 9, 2021). Although the claims presented in Petitioner's Petition and Emergency Brief are almost incomprehensible, the undersigned acknowledges that the above case was filed as a *habeas* action. To the extent Petitioner is attempting to assert a civil claim via a *habeas* action in efforts to avoid the three strikes rules, such is improper.

Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Judge Johnston, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to send a copy of the same Petitioner, who is acting *pro se*.

Dated: October 20, 2023.

Omar J. Aboulhosn
United States Magistrate Judge