IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JAIME LUEVANO,

        Petitioner,

v.                 CIVIL ACTION NO. 2:23-cv-00637

C.I.A. PODCAST IN D.C., et al.,

        Respondents.

**AMENDED ORDER**

  Pending before the Court is Petitioner Jaime Luevano's ("Petitioner") Petition for Writ of Habeas Corpus. (ECF No. 1.) Also pending is Petitioner's Application to Proceed Without Prepayment of Fees and Costs. (ECF No. 4.) By Standing Order entered in this case on September 27, 2023, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of proposed findings and a recommendation for disposition ("PF&R"). Magistrate Judge Aboulhosn filed his PF&R on October 30, 2023, recommending that this Court (1) deny Petitioner's application to proceed without prepayment of fees and (2) dismiss his petition without prejudice for improper venue. (ECF No. 6 at 7.)

  This Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review. 28 U.S.C. § 636(b)(1); *see also Snyder*

1

*v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Objections to the PF&R were due on November 6, 2023, and Petitioner filed timely objections on October 30, 2023.[1] (ECF No. 7.) However, these objections do not point the Court to any specific error in the PF&R. As such, Petitioner has waived his right to *de novo* review. The Court thus **OVERRULES** Petitioner's objections, (ECF No. 7), **ADOPTS** the PF&R, (ECF No. 6), **DENIES** Petitioner's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 4), and **DISMISSES** Petitioner Petition for Writ of Habeas Corpus, (ECF No. 1), **WITHOUT PREJUDICE**. The Court further **DIRECTS** the Clerk to remove this matter from the Court's active docket.

The Court has considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will be granted only if there is "a substantial showing of the denial of a constitutional right." § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 437, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683–84 (4th Cir. 2001). Because Petitioner has not made a substantial showing of the denial of a constitutional right in the § 2254 Petition and objections to the PF&R, the Court **DENIES** a

---

[1] Petitioner also filed additional objections on November 13, 2023. (ECF No. 8.) Because these additional objections are untimely, the Court declines to consider them. Nevertheless, if the Court did consider them, it would also find that they do not point the Court to any specific error in the PF&R.

certificate of appealability. Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2254, Petitioner may not appeal the Court's denial of a certificate of appealability, but he may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: February 14, 2024

THOMAS E. JOHNSTON, CHIEF JUDGE